E-FILED
Monday, 19 December, 2022  09:43:03 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **PAUL OFFUTT, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-2027** |
| | ) | |
| **THE CITY OF DANVILLE, ILLINOIS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is a Motion to Dismiss (d/e 6) filed by
Defendants the City of Danville, Danville Mayor Rickey Williams,
Jr., Danville Chief Engineer Sam Cole, Danville Assistant Chief
Engineer Eric Childers, and Danville Grants and Planning Manager
Logan Cronk (collectively "Defendants").  Plaintiffs Paul Offutt,
Offutt Development, Inc., and Security Ventures, Inc. (collectively,
"Plaintiffs") allege that Defendants have violated their rights under
the Constitution by (1) retaliating against Mr. Offutt for his political
activity, (2) taking Plaintiffs' property without providing just
compensation, and (3) singled Plaintiffs out for irrational and

intentional discrimination.  Plaintiffs' have sufficiently alleged facts in their Complaint to state a cause of action in each Count. Therefore, Defendants' Motion to Dismiss (d/e 6) is DENIED.

## I.  BACKGROUND

The following facts are taken from Plaintiffs' Complaint (d/e 1) and are accepted as true for purposes of Defendants' Motion to Dismiss.  Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 639 (7th Cir. 2015).

Plaintiff Paul Offutt is a resident of Danville, Illinois and is the primary agent and president of both Offutt Development, Inc. and Security Ventures, Inc.  Plaintiffs have collectively operated general contracting businesses in the Danville area for approximately 40 years.  Compl. ¶ 22.  Plaintiffs are required to abide by the Danville City Code in all construction projects within Danville.  Id. ¶¶ 23–24.

Rickey Williams, Jr. was elected Mayor of Danville in April 2019.  Id. ¶ 25.  Paul Offutt publicly supported one of Mayor Williams' opponents in that race.  Id. ¶¶ 26–27.  After Mayor Williams was sworn in, he delegated the authority to supervise building and zoning permitting to Logan Cronk, the Grants and Planning Manager, Sam Cole, the Chief Engineer, and Eric Childers,

the Assistant Chief Engineer.  Id. ¶ 25.  According to the allegations in the Complaint, Mayor Williams, Cronk, Cole, and Childers violated Plaintiffs' rights under the U.S. Constitution with respect to five different properties owned by Plaintiffs.

## A. Lot 285

First, at some point between Mayor Williams' election and July 2020, Plaintiff alleges Defendants forged Mr. Offutt's signature on an easement on a portion of property in Danville titled to Offutt Construction, Inc. in order to construct a new sewer line.  Id. ¶¶ 38–41.  That property was identified as Lot 285 in Denvale West Sixth Addition in Danville.  Id. ¶ 39.  Defendants allegedly forged Mr. Offutt's signature on the Lot 285 easement after Mr. Offutt refused to agree to such an easement in a January 2020 meeting with Cole and Childers.  Id. ¶ 48.  And though Defendants compensated other property owners in Danville for similar easements in order to construct the sewer line, id. ¶ 45, Defendants did not compensate Plaintiff's for the allegedly forged easement.  Id. ¶¶ 55, 59.

**B. Newell Property**

Plaintiffs also allege in the Complaint that, in September 2021, Plaintiffs met with Cole and Cronk about obtaining an ordinary zoning variance for a 50-acre piece of property located at the corner of Bowman Avenue and Newell Road in Danville, which the Plaintiffs refer to as the Newell Property.  Id. ¶¶ 66, 75.  The variance Plaintiff's sought was to construct a convenience store, fuel station, and car wash on the Newell Property.  Id. ¶ 66. Though the Danville Zoning Commission denied Plaintiffs' Petition for Rezoning for a 50-acre segment of property on October 14, 2021, Cole and Cronk told Plaintiffs' representative to submit a Revised Petition for only nine acres and that both Cole and Cronk would recommend the Danville City council approve the revised Petition. Id. ¶¶ 76–77, 79.  Plaintiffs did so the morning before the following City Council meeting and Cronk acknowledged receiving the newly filed Revised Petition.  Id. ¶ 78.  However, Cronk did not inform the City Council of the Revised Petition at the meeting and the Council only considered the original, 50-acre Petition.  Id. ¶ 79.  According to Plaintiffs, they would be barred from resubmitting another Petition for Rezoning for one year if the Council voted against the

submitted, 50-acre Petition.  Id. ¶ 80.Rather than being so barred, Plaintiffs' representative withdrew the Petition before the Council could vote.  Id.

### C. Gilbert Property

Another property owned by Plaintiff was located at 609 North Gilbert Street in Danville and is referred to as the Gilbert Property by Plaintiffs.  Id. ¶ 85.  Plaintiffs demolished a blighted house and garage located on the Gilbert Property in June 2020 after receiving a demolition permit to do so.  Id. ¶ 86.  However, Plaintiffs have not been able to terminate the utility services to the Gilbert Property because Defendants did not "sign off on the completion of the demolition."  Id. ¶ 87.  As a result, Plaintiffs continue to incur costs related to the utility charges to the Gilbert Property.  Id. ¶ 88.

### D. Sygma Facility

Plaintiffs also owned a property at 3600 Southgate Drive in Danville on which Plaintiffs hoped to build a Sygma truck cleaning facility.  Id. ¶¶ 97–98.  Mr. Offutt met with Cole, Childers, Cronk, and others in early April 2021 to stress that Plaintiffs were operating on an accelerated schedule to build the facility.  Id. ¶¶ 98–99.  Defendants responded by telling Plaintiffs that the

necessary permits would be issued as soon as Defendants received plans for the facility stamped by an engineer. Id. ¶ 100.  Plaintiffs submitted the stamped plans to Defendants by email at the end of April 2021 and mailed the required fee for the permits, but Defendants did not issue any permits for the construction of the facility to Plaintiffs.  Id. ¶¶ 101–102.  Defendants similarly did not issue permits to Plaintiffs for the electrical and plumbing portions of the Sygma project, while Defendants did issue permits to Plaintiffs' subcontractors when the subcontractors submitted the same plans. Id. ¶¶ 106–110.

### E. Fischer Theater Statue

Lastly, in October 2021 Plaintiffs requested permission from Mayor Williams to place a memorial statue in front of the Fischer Theater in Danville to memorialize two deceased benefactors of the theater's restoration, one of whom was Mr. Offutt's late wife.  Id. ¶ 112.  Mayor Williams refused that request based, at least in part, on concerns about pedestrian flow when large crowds were entering or exiting the theater.  Id. ¶¶ 112, 117.  This came after Mayor Williams told the Fischer Theater CEO, Jason Rome, on May 27,

2021 that he would be "all over" Plaintiffs if Plaintiffs were the builders on other projects.  Id. ¶ 119.

Plaintiffs then filed suit against Defendants on January 31, 2021.  See generally Compl.  Defendants now move to dismiss each of the three Counts of the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)."  Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana, 768 F.3d 510, 526 (7th Cir. 2015)).  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading need not contain "detailed factual allegations" to pass a Rule 12(b)(6) challenge but still must "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  Moreover, while all factual allegations are accepted as true on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched

as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting <u>Twombly</u>, 550 U.S. at 555)). Accordingly, a complaint will be dismissed only if it is legally insufficient to the extent that no set of facts could support the claims raised.

## III.   ANALYSIS

Plaintiffs allege that the above-recited facts constitute violations of their Constitutional rights.  But when the facts are taken as true, as they must at this stage, each Count adequately raises a claim for relief that is plausible on its face.

## A.   The Complaint sufficiently alleges that Defendants retaliated against Mr. Offutt because of his support of Mayor Williams' political opponent.[1]

Plaintiffs claim that Defendants denied the Newell Property zoning request, the Gilbert Property complete demolition request, the Sygma Facility electrical and plumbing permits, and the Fischer

---

[1] Defendants also argue that any claims of retaliation by Plaintiffs Offutt Development, Inc. and Security Ventures, Inc. must be dismissed because the Complaint only alleges that Mr. Offutt engaged in protected activity.  Defs.' Mot. (d/e 6) pp. 4–5.  However, the Complaint only includes Plaintiff Paul Offutt in the requested relief in Count I.  Compl. pp. 19–20.  Therefore, the Court need not address Defendants' request to dismiss Offutt Development, Inc. and Security Ventures, Inc. from Count I.

Theater Statue placement request in retaliation for supporting
Mayor Williams' opponent in the 2019 mayoral election, thereby
violating Plaintiffs' rights under the First Amendment.  A claim of
retaliation in violation of the First Amendment requires the plaintiff
to ultimately show "(1) [the plaintiff] engaged in activity protected by
the First Amendment; (2) he suffered a deprivation that would likely
deter First Amendment activity in the future; and (3) the First
Amendment activity was at least a motivating factor in the
Defendants' decision to take the retaliatory action." Bridges v.
Gilbert, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotation and
citation omitted).  The parties do not dispute that Mr. Offutt
engaged in protected activity or that he suffered a deprivation.
Their dispute concerns only the third factor: whether Plaintiff
sufficiently alleges that Mr. Offutt's support of Mayor Williams'
opponent was a motivating factor in the denial of permits.

　　　To show motivation, a plaintiff must allege facts establishing
the defendant's action was a "sufficient condition" to the plaintiff's
alleged injury.  Greene v. Doruff, 660 F.3d 975, 978–79 (7th Cir.
2011).  In other words, a plaintiff need only show that the protected
activity was a factor the defendants considered when making their

decision, but not necessarily <u>the</u> factor.  <u>Id.</u>; <u>FKFJ, Inc. v. Vill. of Worth</u>, 11 F.4th 574, 585 (7th Cir. 2021).  This is a lower standard than a but-for standard, requiring a plaintiff to show only some relationship between the protected activity and the alleged deprivation.  <u>Id.</u> at 586 ("[T]he protected activity and adverse action cannot be completely unrelated.")  To satisfy this standard, the plaintiff may present either direct or circumstantial evidence to establish the motivating factor element.  <u>Id.</u>

Plaintiff's Complaint does not contain allegations of direct evidence of retaliation.  Instead, the Complaint relies on circumstantial evidence in the allegations.  "To establish causation through circumstantial evidence, a plaintiff may present evidence of 'suspicious timing, ambiguous oral or written statements, or behavior towards or comments directed at other [persons] in the protected group.'"  <u>Id.</u> (quoting <u>Kidwell v. Eisenhauer</u>, 679 F.3d 957, 965 (7th Cir. 2012) (additional citation omitted) (brackets in a original).  To create an inference of retaliation on a suspicious timing theory, a plaintiff "must show the adverse action 'follow[ed] close on the heels of protected expression' and 'the person who decided to impose the adverse action knew of the protected

conduct.'"  Id.  While "close on the heals" usually will require "no more than a few days," lengthier timing between the protected activity and the adverse action will be insufficient to raise an inference if "there is a 'significant intervening event' separating the protected activity and the deprivation."  Id.

Defendants argue that Complaint fails to state a cause of action because the alleged permit denials specified therein came too long after the April 2019 mayoral election to create an inference of retaliation under a suspicious timing theory.  However, as Plaintiffs point out, the Complaint alleges that "a campaign of unlawful retaliation and discrimination against Plaintiffs and their business interests" began "[s]ince the [April 2019] election" with the details regarding the Newell Property, Gilbert Property, Sygma Facility, and Fischer Theater Statue offered as examples.  Compl. ¶¶ 28–29.  And "the mere passage of time is [neither] legally conclusive proof against retaliation" nor a "conclusive[] bar [to] an inference of retaliation."  Malin v. Hospira, Inc., 762 F.3d 552, 559–60 (7th Cir. 2014).  Moreover, this is the pleading stage of the case in which all Plaintiff need provide is "a claim that is plausible on its face" from which factual details may be developed in discovery.  Iqbal, 556

U.S. at 678; <u>see also</u> <u>Hicks v. Forest Preserve Dist. Of Cook Cty.,</u>
<u>Ill.</u>, 644 F.3d 781, 789 (7th Cir. 2012) (noting that temporal
proximity between adverse actions and protected activities is a
"fact-intensive analysis.")  Further factual development may yet
provide details into the timing of the decisions to deny the permits
or additional direct evidence of retaliation, as implied by Mayor
Williams' statement that he would be "all over" the Plaintiffs in any
building projects led by Mr. Offutt.  Compl. ¶ 119.  Plaintiff's
allegations in Count I sufficiently state a claim on which relief may
be granted.

**B.     The Complaint sufficiently alleges a violation of the Fifth
        Amendment's Takings Clause.**

In Count II of the Complaint, Plaintiffs allege that the
easement on Lot 285 violated the Fifth Amendment's requirement
that the government justly compensate individuals when taking
property for public use.  The Takings Clause of the Fifth
Amendment states that "private property [shall not] be taken for
public use, without just compensation."  U.S. Const. amend V.  To
state a Takings Clause claim, a plaintiff must allege that (1) the
government took property, either through a physical taking or

unduly onerous regulations, (2) the taking was for public use, and (3) the government did not pay just compensation.  <u>Conyers v. City of Chicago</u>, 10 F.4th 704, 710–11 (7th Cir. 2021).  Plaintiffs are not required to exhaust state remedies before making a Takings Clause claim.  <u>Id.</u> at 710 (citing <u>Knick v. Township of Scott, Pa.</u>, 139 S.Ct. 2162, 2170 (2019)).

Defendants challenge Plaintiffs' Taking Clause claim by arguing that no taking occurred because "there are no allegations that Defendants have built anything on the subject property, occupied the property, or excluded Plaintiffs from the property." Defs.' Mot. (d/e 6) p. 7.  Defendants also argue that Plaintiffs' Lot 285 easement allegations cannot be a violation of the Takings Clause because "the allegation is that Defendants tendered 'an illegitimate' easement to Plaintiffs."  <u>Id.</u> (quoting Compl. (d/e 1) ¶¶ 50–51).

But the Supreme Court has repeatedly recognized that an easement imposed by the government without permission by the property owner constitutes a taking under the Takings Clause. <u>Cedar Point Nursery v. Hassid</u>, 141 S.Ct. 2063, 2073–74 (2021) (discussing cases).  And Plaintiffs' allegations here that the

easement was illegitimate with a forged signature does not render the easement any less of a taking of Plaintiffs' property. The allegations in the Complaint plainly assert that Defendants, acting as the government, took, by way of a forged easement, Plaintiffs' property to construct a sewer line and did not compensate Plaintiffs. Taken as true, these allegations in the Complaint sufficiently state a claim under the Takings Clause.

**C.    The Complaint also adequately states facts to form the basis of a Fourteenth Amendment class-of-one discrimination claim.**

Plaintiffs lastly allege that Defendants violated the Fourteenth Amendment by irrationally singling out Plaintiffs for discriminatory treatment as a class of one. The Fourteenth Amendment provides that "no State shall . . . deny to any persons within its jurisdiction the equal protection of laws." U.S. Const. amend. XIV, § 1. That provision, while traditionally being understood to protect vulnerable groups, also protects individuals from being irrationally singled out by the government in what is called a class-of-one claim. LaBella Winnetka, Inc. v. Vill. of Winnetka, 628 F.3d 937, 941 (2010). To make such a claim, Plaintiffs must show that they have been (1)

intentionally treated differently from others similarly situated and
(2) there is no rational basis for doing so.  Id. at 942.

Defendants move to dismiss Count III because, in their view,
Plaintiffs' Complaint does not adequately identify similarly situated
comparators.  The Seventh Circuit has made clear that "[t]here is no
precise formula to determine whether an individual is similarly
situated to comparators." McDonald v. Vill. of Winnetka, 371 F.3d
992, 1002 (7th Cir. 2004).  The Seventh Circuit has also made clear
that the question of similarity is generally left for the finder of fact.
Id. (citing McDonald, 371 F.3d at 1002).  And though dismissal may
be appropriate when it is clear from the pleadings that substantial
differences exist between a plaintiff and identified comparators, see
LaBella, 628 F.3d at 942, dismissal is inappropriate where the
pleadings suggest similarities from which further factual
development may prove up the alleged similarities.  Geinosky v. City
of Chicago, 675 F.3d 743, 748 (7th Cir. 2012).

In this case, Plaintiffs have alleged a pattern of behavior in
which Defendants intentionally singled them out and treated them
differently than other individuals in Danville requesting permits and
other construction approvals.  One specific example provided by

Page **15** of **17**

Plaintiffs alleges that when Plaintiffs and their subcontractors each submitted the same plans for electrical and plumbing permits, Plaintiffs' application was not approved while the subcontractors' plans were.  Compl. ¶¶ 106–110.  The opposite results yielded by the submission of two sets of the same plans, one by Plaintiffs, who are construction contractors, and the other by the subcontractors used by Plaintiffs in the course of their work, adequately suggests similarities.

The same is true for the alleged May 2021 comment by Mayor Williams that he would be "all over" any project led by Mr. Offutt. That statement, unlike the indirect comparator allegations of the permitting example, is a direct allegation suggesting Mayor Williams intentionally and irrationally singled out Mr. Offutt and his associated businesses and treated them differently.  At the pleadings stage, both types of allegations in the Complaint sufficiently state a Fourteenth Amendment class-of-one claim on which relief may be granted so Defendants' Motion to Dismiss the same must be denied.

## IV.   CONCLUSION

Plaintiffs' Complaint sufficiently states claims on which relief

may be granted in each of Counts I, II, and III.  Accordingly,

Defendants' Motion to Dismiss (d/e 6) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: December 16, 2022.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**